

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAURINA BONILLA PERALTA, et al.,

          Plaintiffs,

      -against-

DIVYA DRISHTI LLC, et al.,

          Defendants.

19-CV-6762 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

      The Court has received and reviewed plaintiffs' letter dated June 8, 2020 (Pl. Ltr.) (Dkt. No. 29), seeking approval of the parties' Settlement Agreement (Agreement) (Dkt. No. 29-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Divya Drishti LLC d/b/a Lenox Spa & Nails (Lenox) and Archana Pokhrel a/k/a Daisy to pay $20,625.00 to settle this action. Ag. ¶ 1. Of that sum, $5,129.40 will go to plaintiff Taurina Bonilla Peralta and $8,273.94 will go to plaintiff Susana Georgina Guillca, in full settlement of their claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), *id.*, and $7,221.66 will go to plaintiffs' attorneys for their fees and costs. *Id.*; *see also* Pl. Ltr. at 3. The payment will be made in thirty-six installments, the first of which will be in the amount of $573.15, followed by thirty-five equal payments of $572.91 each. Ag. ¶ 1 (a)-(b). The installment payments are backed by affidavits of confession of judgment executed by defendants Lenox and Pokhrel. Ag. ¶ 1(c); *see also id.* at 7-11.

      The Agreement includes a unilateral but limited release, in which plaintiffs release defendants from "any and all claims that [they] had against the Defendants, or any of Defendants' respective owners, officers, directors, agents, attorneys, employees or representatives, or their

successors in interest, arising out of or in connection with this Litigation and the federal and New York state wage and hour claims made therein." Ag. ¶ 2. There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement. The proposed attorneys' fee award is equivalent to one-third of the net settlement (that is, the total settlement amount less costs), and is lower than counsel's lodestar.

Having reviewed the terms of the Agreement, including the award of fees and costs to plaintiffs' counsel, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. In order to ensure that plaintiffs and their counsel share the risk of nonpayment fairly, each installment payment shall be allocated to plaintiffs and their counsel in proportion to the overall allocation of the settlement consideration described above. Accordingly, the proposed settlement is **APPROVED**.

It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. This Court retains jurisdiction for the limited purpose of enforcing the Agreement if necessary.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
July 21, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**